# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| LISA M. GLENN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | **MEMORANDUM OPINION** |
| v. | ) ) | **AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | 1:08CV308 |
| Defendant. | ) | |

Plaintiff, Lisa M. Glenn, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI") under Titles II and XVI of the Social Security Act (the "Act"). This matter is before the court upon Plaintiff's motion for judgment on the pleadings (docket no. 11). In this motion, Plaintiff seeks, *inter alia*, entry of judgment pursuant to sentence six of 42 U.S.C. § 405(g), vacating the Administrative Law Judge's ("ALJ") decision and remanding the case for consideration of new and material evidence. Id. 6-8.

**Procedural History**

The procedural history of these and other claims filed by Plaintiff is exceedingly complex. Indeed, Plaintiff and Commissioner have each stated a different version of the procedural history, and it appears to this court that the ALJ did not have a full understanding of the history and precisely which claims were

before him. Having reviewed the record in its entirely as it now stands, this court is similarly unable to untangle the procedural web.

The most recent decision in the record and the one before this court was entered on November 20, 2007, by ALJ Jon R. Hunt. See Tr. 237-49. According to ALJ Hunt, Plaintiff first filed claims for DIB and SSI on October 6, 1994, with an alleged onset date of March 12, 1994. Tr. 237. A final denial upon reconsideration was entered on April 4, 1995. Id. There are no records associated with these claims in the current record, and it appears that they have no relevance to the current proceedings.

The 1999 Applications

According to a list of exhibits contained in the record, it appears that after the 1994 applications were denied, Plaintiff then filed an SSI application on May 28, 1999 (protective filing date, April 26, 1999). Tr. 3. According to the exhibit list, it appears that an initial disability determination (presumably a denial) was entered on October 18, 1999, and a reconsideration determination (also presumably a denial) was entered on November 24, 1999. Id. Nevertheless, according to a notation on the same list, documents relating to that claim "are not available." Id.

On June 30, 1999, Plaintiff filed another DIB application, alleging disability as of June 3, 1998. Tr. 65. On September 6, 2000, a hearing was held, Tr. 24, and ALJ Hunt issued a decision denying benefits on September 26, 2000. Tr. 10. On February 2, 2002, the Appeals Council declined to review that decision. Tr. 4.

Plaintiff subsequently filed an action in the United States District Court seeking review of the Commissioner's decision. On April 24, 2003, the District Court found in favor of the Commissioner and dismissed Plaintiff's cause of action. Tr. 291.

The 2001 Applications

In the meantime, according to ALJ Hunt in his 2007 decision, Plaintiff filed new applications for SSI and DIB on September 30 and October 18, 2001, respectively, alleging a disability onset date of October 18, 2000. Tr. 237. Also according to ALJ Hunt, there was a hearing on these claims before ALJ Stephen A. Jones, who issued a decision finding Plaintiff not disabled on August 8, 2003. Id. None of the records pertaining to the 2001 applications, including ALJ Jones's decision, the hearing transcript or any exhibits, are found in the record before this court.[1]

The 2003 Applications

On October 2, 2003, Plaintiff filed yet another application for DIB, and perhaps for SSI.[2] See Tr. 325-26. Her DIB claim was denied initially on the basis of *res judicata*. See Tr. 314, 325-26. According to the Commissioner, Plaintiff's purported 2003 SSI claim was denied on March 3, 2004, on the basis of excess income, and

---

[1] A copy of the 2003 decision issued by ALJ Jones is attached as Exhibit 2 to Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings. Docket 12-2.

[2] The Commissioner and ALJ Hunt state that Plaintiff filed an application for SSI. The court, however, is unable to determine from the record whether this is accurate.

Plaintiff did not administratively appeal that claim. Docket No. 14 at 2.[3] It is unclear what, if any, administrative proceedings followed this denial; there is in the record a request for reconsideration dated March 4, 2004, presumably relating to the 2003 application(s). Tr. 317. As far as the court can determine, there are no other documents that relate to the 2003 application(s) in the current record.

The 2004 Applications

According to ALJ Hunt and the Commissioner, Plaintiff in the meantime filed a fifth set of applications seeking DIB and SSI. The Commissioner contends that on March 4, 2004, Plaintiff filed an application for DIB, which was returned by Disability Determination Service ("DDS") as "erroneous." Docket No. 14 at 2. The Commissioner states that on March 24, 2004, Plaintiff then filed an SSI application. Id. According to the Commissioner, that application was denied on the ground of excess income on April 28, 2004, and Plaintiff took no further action regarding that denial. Id. ALJ Hunt's version of events is, however, slightly different. He reported that Plaintiff filed SSI and DIB applications on March 24, 2004, alleging disability as of October 18, 2000. Tr. 237. He further stated that the 2004 claims were denied

---

[3] The Commissioner does not provide a citation to the record in support of this contention, and the court is unable to determine whether the Commissioner's statement is accurate.

initially and on reconsideration on February 24, 2005,[4] and that Plaintiff filed a timely request for hearing on March 30, 2005.  Tr. 238.

The 2007 Hearing and Decision

As noted earlier, during the October 2007 hearing, ALJ Hunt indicated that it was his understanding that the claim being heard was the Appeals Council's purported remand of the decision entered in 2003 by ALJ Jones.  In his subsequent decision, ALJ Hunt reported the unfavorable decision by ALJ Jones, but made no mention of a remand by the Appeals Council.  He also apparently determined that Plaintiff's 2004 DIB and SSI applications were those at issue.  Tr. 248-49.  He found, and there is no apparent dispute, that Plaintiff's alleged onset date of disability was October 18, 2000, and her date last insured was December 31, 2001.  Tr. 240.  He then proceeded, however, to find that Plaintiff was not disabled at any time from her alleged onset date of disability, October 18, 2000, through the date of the decision.  Tr. 248-49.

**Analysis**

In sum, it appears that ALJ Hunt understood that he was deciding Plaintiff's claims as contained in her 2004 DIB and SSI applications, and perhaps a remand

---

[4]  The court found no denial upon reconsideration reflecting that date in the record.  Although there is a denial on the basis of *res judicata* dated March 18, 2005, the court is unable to determine from the record to which application(s) this denial relates.

of ALJ Jones's 2003 decision.[5]  The Commissioner contends, however, that ALJ Hunt was mistaken and in fact there was no remand of the 2003 decision.  He further avers that Plaintiff's 2004 DIB and SSI applications were, respectively, returned as "erroneous" and denied on the basis of  excess income, and thus were not before ALJ Hunt.  Docket No. 14 at 3-4.

The Commissioner asserts that the sole issue before ALJ Hunt in 2007 was the technical denial on the ground of *res judicata* of Plaintiff's 2003 DIB application. Id.  Accordingly, the Commissioner contends, the relevant period at issue is from October 18, 2000 (her alleged onset date of disability) through December 31, 2001, (her date last insured).  See e.g., Docket No. 14 at 714.  Taking the Commissioner's version of the procedural history as accurate, there were no pending SSI claims before ALJ Hunt, and the relevant period for her DIB claim was from her alleged onset date of disability (October 18, 2000) to her date last insured (December 31, 2001).  Assuming there was no remand of the 2003 decision, any DIB claim encompassed within that period is barred by *res judicata.*  Plaintiff contends that her appeal encompasses both DIB and SSI claims, although which of the numerous claims she believes are at issue is unclear, and that the period at issue is from her alleged onset date of disability through November 20, 2007, the date of the 2007 decision.  See Docket No. 12 at 1.

---

[5]  In the 2007 decision, ALJ Hunt specifically considered certain findings from ALJ Jones's 2003 decision, although that decision is not found in the record.

Plaintiff requests that the court remand this matter to the Appeals Council so that the record can be supplemented to include and consider ALJ Jones's 2003 and any remand order vacating that decision,[6] and any documents concerning the 2001 applications.  Docket No. 12 at 7.

This court has the authority, under sentence six of 42 U.S.C. § 405(g), to remand a case for "additional evidence to be taken before the Commissioner . . ., but only upon a showing that there is new evidence which is material[.]"  Id.  "Evidence is "new" if it is not duplicative or cumulative; it is "material" "if there is a reasonable possibility that the new evidence would have changed the outcome."  Wilkins v. Secretary of Dept. of Health and Human Services, 953 F.2d 93, 95 (4th Cir. 1991)(en banc).

Here, evidence that is not in the current record but which concerns the procedural posture and factual findings of prior claims is both new, in that being absent from the record, it is not duplicative or cumulative, and material, in that it can potentially resolve the conflicts about which claims and what time period are actually at issue.  Accordingly, this court recommends entry of an order under sentence six of 42 U.S.C. § 405(g), remanding the matter to the Commissioner to provide missing documentation concerning the 2001, 2003 and 2004 applications, and any other

---

[6] The Commissioner denies that such an order exists, and that the Appeals Council did not remand the 2003 decision.  Docket No. 14 at 3.

documents supporting its version of the procedural history of this case.  If the Commissioner cannot provide such documentation, he must explain why he cannot.

After the record is complete, the Commissioner must consider the new evidence and then return to the district court to file additional or modified findings of fact after the new evidence is heard.  <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 98 (1991). Because the parties must return to district court, the court retains jurisdiction over the case throughout the remand proceedings.  <u>See, e.g.</u>, <u>Raitport v. Callahan</u>, 183 F.3d 101, 104 (2d Cir. 1999).  <u>See also</u> <u>McPeak v. Barnhart</u>, 388 F. Supp. 2d 742, 746 n. 2 (S.D. W. Va. 2005) ("The Court retains jurisdiction over the case but closes it and regards it inactive. . . . [P]laintiff may request that the case in the District Court be reopened for review of the agency's decision.").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for entry of judgment under sentence six of 42 U.S.C. § 405(g) (docket no. 11) be **GRANTED**, and that the matter be **REMANDED** to the Commissioner under sentence six of 42 U.S.C. § 405(g), for further proceedings herein described.  The Commissioner's motion for judgment on the pleadings (docket no. 13) should be **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

July 14, 2010

8